

**SIGNED THIS 19th day of February, 2020**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

_____
Paul M. Black
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| BRUCE W. THOMPSON, | ) | Case No. **19-71343** |
| | ) | |
| Debtor. | ) | |
| WILLIAM E. CALLAHAN, JR., TRUSTEE | ) | |
| FOR BRUCE W. THOMPSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BOTETOURT COUNTY, VIRGINIA, | ) | |
| BRANCH BANKING & TRUST COMPANY, | ) | |
| BARBARA R. THOMPSON, | ) | |
| BRUCE W. THOMPSON, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER GRANTING MOTION OF CHAPTER 7 TRUSTEE FOR
THE GRANT OF (I) AUTHORITY TO SELL PROPERTY OF THE ESTATE AND
PROPERTY OF A CO-OWNER AT A PRIVATE SALE, FREE AND CLEAR OF ALL
LIENS, CLAIMS, RIGHTS, AND INTERESTS, PURSUANT TO 11 U.S.C. § 363 AND
BANKRUPTCY RULE 6004; (II) CERTAIN AUTHORITY RELATED TO CLOSING
OF THE SALE AND THE DISTRIBUTION OF SALE PROCEEDS PURSUANT
TO 11 U.S.C. § 105(a) AND BANKRUPTCY RULE 6004; (III) APPROVAL OF THE
COMPENSATION OF THE TRUSTEE'S REAL ESTATE BROKER PURSUANT**

**TO 11 U.S.C. § 330; AND (IV) RELATED RELIEF PURSUANT TO 11 U.S.C. § 105(a)**

The matter before the Court is the Motion of Chapter 7 Trustee for the Grant of (I) Authority to Sell Property of the Estate and Property of a Co-Owner at a Private Sale, Free and Clear of All Liens, Claims, Rights, and Interests, pursuant to 11 U.S.C. § 363 and Bankruptcy Rule 6004; (II) Certain Authority Related to Closing of the Sale and the Distribution of Sale Proceeds pursuant to 11 U.S.C. § 105(a) and Bankruptcy Rule 6004; (III) Approval of Compensation of the Trustee's Real Estate Broker Pursuant to 11 U.S.C. §330; and (IV) Related Relief pursuant to 11 U.S.C. § 105(a) (the "Motion") [Docket No. 20], filed by William E. Callahan, Jr., Trustee (the "Trustee"),

Based on the representations made by the Trustee in the Motion and the Court's judicial notice of matters contained in the record of the Case, and there having been no objections to the Motion filed by the deadline to do so, the Court finds and concludes that:

A.  Bruce W. Thompson (the "Debtor") filed a petition under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Virginia (the "Court") on October 7, 2019, commencing the captioned case (the "Case").

B.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a) and § 157(a). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

C.  The Trustee is the trustee appointed in the Case pursuant to section 702(d) of the Bankruptcy Code and continues to serve in that capacity.

D.  At the commencement of the Case, the Debtor owned an undivided tenancy by the entirety interest in certain residential real property located at 1624 Country Club Road,

Troutville, in Botetourt County, Virginia and designated as Tax Map Number 73-3-8B (the "Property"). Pursuant to section 541(a) of the Bankruptcy Code, the Debtor's interest in the Property is property of the estate.

    E.    The remaining tenancy by the entirety interest in the Property is owned by Barbara R. Thompson (the "Co-Owner").

    F.    The other known asserted liens on, claims to, rights in and interests in the Property, in addition to the Co-Owner's interest (the "Co-Owner's Interest"), are as follows (collectively, the "Liens & Interests"): (i) a statutory lien in favor of Botetourt County, Virginia (the "County") for unpaid real property taxes, interest, and penalties, which except for taxes presently accruing for tax year 2020, are in the amount of $0.00 (collectively, the "County Tax Lien"); (ii) a deed of trust for the benefit of Branch Banking & Trust Company ("BB&T"), securing a claim in the amount of $182,564.61 with interest accruing on the principal balance at the rate of 5.125%, as stated in Claim No. 1-1 filed in the Case; (iii) the Debtor's properly perfected claim of exemption of the Property under Virginia Code § 34-4 in the amount of $1.00, which amount can be increased to not more than $3,855.58 (the "Homestead Exemption"); (iv) the Debtor's residual tenancy by the entirety interest in the Property; and (v) any unperfected liens, claims, rights, or interests in the Property.

    G.    Pursuant to section 363(b)(1) of the Bankruptcy Code and Bankruptcy Rule 6004(f)(1), the Trustee, after notice and a hearing, may sell property of the estate other than in the ordinary course of business at a private sale. The Trustee has obtained a contract with Daniel Olichwier and Logan Olichwier (collectively, the "Purchaser") to purchase the Property for the purchase price of $275,000.00, subject to certain credits in an amount not to exceed $6,000.00 (the "Purchase Price"). The Trustee has requested the authority to sell the Property at a private

sale to the Purchaser at the Purchase Price, pursuant to section 363(b)(1) of the Bankruptcy Code, Bankruptcy Rule 6004, and the terms of a certain Purchase Agreement, a copy of which was attached to the Motion as <u>Exhibit A</u>.

H.     The Trustee further proposed that he sell the Property to the Purchaser free and clear of all liens, claims, rights, and interests on or in the Property, including, without limitation, the Liens & Interests, pursuant to section 363(f) of the Bankruptcy Code and Bankruptcy Rule 6004(c), and that the Liens & Interests attach to the proceeds of the sale according to the respective priority of and to the respective extent of each of the Liens & Interests.

I.     Pursuant to section 363(f) of the Bankruptcy Code, a trustee may sell property of the estate free and clear of an entity's interest in such property other than that of the estate, only if applicable non-bankruptcy law permits sale of such property free and clear of such interest, such entity consents, such an interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property, such interest is in bona fide dispute, or such entity could be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest.

J.     Grounds exist for the sale of the Property free and clear of the Liens & Interests, as follows: (i) the County Tax Lien is a lien and the Purchase Price is greater than the amount, if any, necessary to pay the amount secured by the County Tax Lien in full; (ii) the deed of trust for the benefit of BB&T is, in effect, a lien and the Purchase price is greater than the amount secured by the deed of trust; (iii) the Debtor could be compelled in a legal or equitable proceeding to accept a money satisfaction of the Homestead Exemption; and (iv) the Debtor's residual tenancy by the entirety interest in the Property and any unperfected liens, claims, rights, or interests in the

Property are each subordinate to the estate's interest in the Property and are therefore in bona fide dispute.

K.  Pursuant to section 363(h) of the Bankruptcy Code, a trustee may sell both the estate's interest under section 363(b) or (c) and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if (i) partition in kind of such property among the estate and such co-owners is impracticable; (ii) the sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of the co-owner; (iii) the benefit to the estate of a sale of such property free of the interest of co-owners outweighs the detriment, if any, to such co-owners; and (iv) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

K.  Grounds exist for the Trustee's sale of the Co-owner's Interests pursuant to section 363(h), together with the estate's interest in the Property, in that the Property and the proposed sale satisfy the requirements of section 363(h) and, in addition, the holder of the Co-Owner's Interest in the Property has consented to the proposed sale of the Property, as evidenced by the Consent to Sale Agreement, attached to the Motion as Exhibit B.

L.  The Purchase Price is reasonable under the circumstances and the present real estate market. The Trustee has exposed the Property to the market through his Real Estate Broker. Numerous potential purchasers have viewed the Property and have declined to make an offer to purchase the Property. The only offer received, other than that of the Purchasers, was for a lesser amount. Based on the information provided by this process, the Purchase Price is

reflective of the fair market value of the Property. In addition, the Purchase Price is the result of arm's length negotiations between the Trustee and the Purchaser.

M. The proposed sale of the Property is in the best interests of the estate and its creditors. The proposed sale of the Property will result in net proceeds to the estate, after payment of the claim of BB&T secured by the property, the Real Estate Broker's commission and closing costs, sufficient to pay all known claims owed jointly by the Debtor and the Co-Owner in full. In addition, the timely sale of the Property, which is presently vacant, will eliminate the risks and costs arising from the continued ownership of the Property by the estate.

N. The Purchaser is not an insider of the Debtor, has agreed to purchase the Property as the result of an arm's length transaction, and is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code. The Purchase Price and other consideration to be paid by the Purchaser constitutes "value", as that term has been defined by courts interpreting section 363(m) of the Bankruptcy Code, for the property being sold.

O. Pursuant to section 105(a) of the Bankruptcy Code, the Court may issue any order that is necessary or appropriate to carry out the provisions of Title 11. Furthermore, Bankruptcy Rule 6004(f)(2) provides that the trustee shall execute any instrument necessary or ordered by the court to effectuate a transfer to a purchaser. It is necessary for the closing of the proposed sale of the Property for the Trustee to execute and deliver a Trustee's Special Warranty Deed, to sign other closing documents, such as mechanic's lien affidavits, and to sign a Settlement Statement authorizing the pro-ration of taxes, the payment of certain usual and customary closing costs from the proceeds of the sale of the Property, and the payment of certain Liens & Interests. The Trustee has requested authority to sign and deliver the Trustee's Special Warranty Deed, a Settlement Statement, and other usual and customary documents necessary for closing the sale,

and to pay or authorize credits from the proceeds of the sale such usual and customary costs of sale, including without limitation, recording costs, and prorated and past due real estate taxes, if any.

P.   The claims, if any, secured by the County Tax Lien and the deed of trust of BB&T are not in dispute and will continue to accrue interest until paid. Under these circumstances, it is appropriate and necessary for the Court to authorize the Trustee to pay the amount owed to the County on the Property as is necessary to obtain the release of the County Tax Lien, if any, and to pay the amounts secured by the deed of trust of BB&T.  The Trustee has requested the authority to make such payments from the proceeds of the sale of the Property or take such other actions as may be required with regard to such payments at closing.  The Trustee also has requested authority to retain the net proceeds of the sale of the Property for the administration of the estate, including the disposition of any excess funds pursuant to the Consent to Sale Agreement.  Cause exists for the grant of the relief requested by the Trustee regarding the closing of the sale of the Property.

Q.   Bankruptcy Rule 6004(h) provides that an order authorizing the sale of property is stayed until fourteen (14) days after entry of the order, unless the court orders otherwise.  Under the circumstances of this proposed sale, and there having been no objection to the proposed sale filed with the Court, cause exists for the Court to make its order granting this Motion to become effective immediately upon entry, as permitted by Bankruptcy Rule 6004(h).

R.   Notice of the Motion, the proposed sale of the Property, the hearing on the Motion, and the deadline to file an objection to the Motion has been given as reflected on the certificate of service annexed to the notice filed with the Court contemporaneously with the Motion.  The notice given is sufficient and fully complies with the applicable rules governing

notice, including, without limitation, Bankruptcy Rules 2002(a), 6004(a) and (c), and Local Rule 9013-1(M).  No further notice is required.  There are no objections to the Motion filed by the deadline set forth in the Notice.  Cause exists for the Court enter an order granting the relief requested in the Motion and cancelling the scheduled hearing on the Motion.

Based on the foregoing findings of fact and conclusions of law, it is hereby ORDERED and DECREED that:

1. The Motion  and the relief requested therein are GRANTED in their entirety.

2. The Trustee is authorized to sell the estate's interest in the Property together with the Co-owner Interest, at a private sale to the Purchaser on the terms set forth above and in the Purchase Agreement, free and clear of all liens, claims, rights and interests, known and unknown, including without limitation the Liens & Interests, with such liens, claims, rights and interests attaching to the proceeds of the sale of the Property in their respective priority.  This Order shall be effective as a determination that, upon the closing of the sale of the Property, all liens, claims, rights, and interests, known and unknown, including without limitation the Liens & Interests, on or in the Property have been and hereby are adjudged and declared to be released, discharged, and terminated, and the Property shall have been conveyed by the Trustee to the Purchaser thereof free and clear of all such liens, claims, rights, and interests.

3. The Trustee is authorized to (a) sign and deliver the Trustee's Special Warranty Deed, and other usual and customary documents necessary for closing the sale, and to pay or authorize credits from the proceeds of the sale such usual and customary costs of sale, including without limitation, recording costs, prorated and past due real estate taxes, if any, (b) to pay at closing the amounts owed to the County, if any, secured by the County Tax Lien and the amount

secured by BB&T deed of trust, and (c) to retain the net proceeds of the sale for further administration by the Trustee.

4. The Trustee is authorized to fulfill his obligations under the Consent to Sale Agreement. The provisions of the Consent to Sale Agreement shall become effective as provided in such agreement and shall be binding on the parties thereto and all creditors and parties in interest in the Case.

5. The order approving the proposed sale of the Property shall become effective immediately upon entry and shall not be stayed by any applicable statute or rule, including, without limitation, Bankruptcy Rule 6004(h).

6. The hearing on the Motion scheduled for February 24, 2020 at 9:30 a.m. in Roanoke, Virginia is cancelled and removed from the Court's hearing docket for that date, time and location.

**END OF ORDER**

I ask for this:

/s/ William E. Callahan, Jr., Trustee
William E. Callahan, Jr., Trustee
GENTRY LOCKE RAKES & MOORE
10 Franklin Road, SE, Suite 900
P.O. Box 40013
Roanoke, VA 24022-0013
Telephone: (540) 983-9309
Facsimile: (540) 983-9400
Email: callahan@gentrylocke.com

    Counsel for the Trustee